# STATE OF MICHIGAN

# COURT OF APPEALS

In re B. A. D. AUSTIN, Minor.

UNPUBLISHED
August 25, 2015

No. 325968
St. Clair Circuit Court
Family Division
LC No. 13-000345-NA

Before: RONAYNE KRAUSE, P.J., and GLEICHER and STEPHENS, JJ.

PER CURIAM.

Respondent mother appeals as of right a circuit court order terminating her parental rights to the minor child pursuant to MCL 712A.19b(3)(c)(*i*) and (c)(*ii*). We affirm.

The trial court did not clearly err in finding that § 19b(3)(c)(*i*) had been established by clear and convincing evidence. *In re Trejo,* 462 Mich 341, 355-357; 612 NW2d 407 (2000); MCR 3.977(H)(3)(a) and (K).

The initial dispositional order was entered on February 4, 2014, 41 weeks before the supplemental petition was filed. Respondent was provided with services to address her substance abuse problem. She was referred for a substance abuse assessment, but did not attend and continued to use drugs as shown by positive drug tests in early February 2014. She completed inpatient treatment in March 2014, but promptly relapsed as shown by positive drug tests in March and May 2014. Respondent was thereafter incarcerated and was released on June 30, 2014. She resumed using drugs as shown by a positive drug test on July 14, 2014. Her drug use led to additional criminal activity and she was jailed again in September 2014, and had not been released as of the termination hearing in January 2015. The evidence clearly showed that respondent's substance abuse problem had not been rectified. While respondent had brief episodes of sobriety while in jail, she never demonstrated an ability to maintain her sobriety for any appreciable length of time while in the community. The trial court did not clearly err in finding that the condition that led to the adjudication was not reasonably likely to be rectified within a reasonable time considering the child's age.

The trial court cited § 19b(3)(c)(*ii*) as an additional basis for termination, but did not indicate what "other conditions" supported the application of this ground. However, because only one statutory ground need be established, *In re Frey*, 297 Mich App 242, 244; 824 NW2d 569 (2012), and the trial court did not clearly err in finding that § 19b(3)(c)(*i*) had been established by clear and convincing evidence, any error with respect to § 19b(3)(c)(*ii*) was harmless. *In re Powers*, 244 Mich App 111, 118; 624 NW2d 472 (2000).

We also reject respondent's argument that the trial court erred in finding that termination of her parental rights was in the child's best interests. MCL 712A.19b(5). The trial court's decision regarding the child's best interests is reviewed for clear error. *In re White,* 303 Mich App 701, 713; 846 NW2d 61 (2014); MCR 3.977(K). Whether termination is in the child's best interests is determined by a preponderance of the evidence. *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). Although evidence showed that there was a bond between respondent and the child, the evidence also showed that respondent had not made the child a priority in her life. Both her drug use and related criminal conduct respectively deterred and prevented her from visiting the child to the extent that she had not seen the child for approximately six months as of the termination hearing. The fact that respondent was continually in and out of the child's life was confusing to the child, who was in counseling to deal with the issue. In addition, the child had been in foster care for a year and it was unknown when respondent would be available to plan for the child, given that she was awaiting sentencing on multiple felony charges. The trial court did not clearly err in finding that termination of respondent's parental rights was in the child's best interests.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Elizabeth L. Gleicher
/s/ Cynthia Diane Stephens